HARVEY RENGER V. HONORABLE M. C. JEFFREY, DISTRICT JUDGE.

No. A-204. Decided October 4, 1944.
Rehearing overruled November 1, 1944.
(182 S. W., 2d Series, 701.)

T. W. *Grobe*, of Houston and *Marvin D. Fertsch*, of Halletts-ville, for petitioner.

C. C. *Jopling* and *Moss & Moss*, all of La Grange, for respondent.

MR. JUDGE FOLLEY, of the Commission of Appeals, delivered the opinion for the Court.

This is an original proceeding filed in this court by the relator, Harvey Renger, seeking a writ of prohibition and a writ of mandamus against Honorable M. C. Jeffrey, District Judge of the 22nd Judicial District of Texas. August Machicek and wife, Mary Machicek, are also respondents, as parties adversely interest.

This proceeding grows out of two separate suits in the district court of Fayette County. The first was cause No. 8772, in which Aneska Barcak sued August Machicek and wife for the amount of three notes and for foreclosure of a vendor's lien on certain lands in Fayette County. The trial court allowed a recovery for the three notes but refused to foreclose the lien as to two of them. The Court of Civil Appeals of the Eighth District reformed the judgment so as to allow a foreclosure of the lien for the entire indebtedness. The judgment of the Court of Civil Appeals was affirmed by this court. Machicek v. Barcak, 141 Texas 165, 170 S. W. (2d) 715. The mandate of this court was duly issued to the district court of Fayette County. Thereafter Aneska Barcak assigned the judgment to the relator.

On October 19, 1943, a second suit was filed in the district court of Fayette County by the respondents, August Machicek and wife, against the relator. That cause is No. 8989 in the district court. In such suit they sought to restrain the execution of an order of sale in Cause No. 8772, which execution was to be issued in accordance with the mandate of this court. On April 25, 1944, the district court refused the application for the injunction and entered judgment to that effect. The respondents Machicek and wife gave notice of appeal. After that decree was entered in cause No. 8989 relator caused an order of sale to be issued in cause No. 8772. The sheriff levied on the property and advertised it for sale.

August Machicek duly filed an appeal bond in cause No. 8989 and also filed a written request for the trial court to fix the amount of a supersedeas bond in such suit. On May 29, 1944, the court set the supersedeas bond in such cause in the sum of $300.00 and in connection therewith entered the following further order with reference to the prior suit:

"It is accordingly so ordered and decreed that supersedeas do issue as to the judgment in Cause No. 8772, styled Aneska Barcak v. August Machicek, et ux, Civil Docket, District Court, Fayette County, Texas, sought in this case to be enjoined upon the execution and approval of said bond, and, further, that the

terms and conditions of such bond shall comply with the requirements of Rule 364, Sections a and c thereof, Rules of Civil Procedure."

It will be noted that the trial court attempted in the order in cause No. 8989 to supersede the judgment in cause No. 8772, which judgment in the latter case has become final. The relator seeks a writ of prohibition restraining the District Judge from taking any steps in superseding the mandate of this court in cause No. 8772, and further asks for a writ of mandamus commanding him to vacate the above order of May 29, 1944, and directing the sheriff to proceed with the order of sale.

The record before us does not include the supersedeas bond executed by respondents nor the writ of supersedeas to the sheriff, but respondents, in their written argument, admit that the supersedeas bond has been duly filed and that the writ of supersedeas was served upon the sheriff on June 1, 1944. It is further admitted that cause No. 8989 is upon appeal in the Court of Civil Appeals for the Third District, where the same is now pending.

■ The proceedings in cause No. 8989 attempting to supersede the judgment in cause No. 8772 are unauthorized and void. The rules of civil procedure relating to supersedeas bonds do not contemplate or authorize the superseding or staying of a final judgment, as was attempted in this case, but prescribed a method of suspending the execution of a judgment before it becomes final and while an appeal is pending. Rules 364, 368, and 385, Texas Rules of Civil Procedure Such rules do not authorize proceedings in one cause suspending the execution of a judgment in another cause. Moreover, the supersedeas is futile and ineffective in so far as the injunctive relief in cause No. 8989 is concerned. The supersedeas bond is merely to preserve the status quo of the matter in litigation prior to the issuance of the order or judgment from which an appeal is prosecuted. Shell Petroleum Corporation v. Grays, 122 Texas 491, 62 S. W. (2d) 113. Cause No. 8989 resulted in a judgment refusing an injunction. The effect of the supersedeas is to leave the injunction unissued. It should not have the effect of granting the injunction. However, from the language quoted from the order of the trial court, such result is apparently intended and for all practical purposes has been accomplished. Since cause No. 8989 relative to the injunctive relief is before the Court of Civil Appeals upon appeal, that court has the authority to issue such orders

as may be necessary to preserve the status quo of the matters in litigation and to protect that court's jurisdiction.

The petition for mandamus will therefore be overruled without prejudice to the relator's right to apply to the Court of Civil Appeals for such relief as he may be entitled to.

The writ of prohibition will be issued directing the Honorable M. C. Jeffrey to refrain from taking any steps in superseding the mandate of this court in cause No. 8772 on the docket of the district court of Fayette County.

Opinion adopted by the Supreme Court October 4, 1944.

Rehearing overruled November 1, 1944.