**Howard KANTOR, Appellant,**

v.

**HERALD PUBLISHING COMPANY, INC., Appellee.**

No. 12–82–0059–CV.

Court of Appeals of Texas, Tyler.

April 15, 1982.

Marcia J. McCarron, Bresenhan & Wingate, Houston, for appellant.

Tom D. Rorie, Rorie & Pedersen, Nacogdoches, for appellee.

PER CURIAM.

This is a motion for leave to file Petition for Writ of Prohibition. Also, before the court under this same cause number is an appeal from the denial, by the trial court, of a petition in the nature of a Bill of Review. A default judgment was taken against Relator in Cause No. 5686. Relator's Petition for a Bill of Review of that cause was filed under Cause No. 6171. Relator is requesting a Writ of Prohibition complaining of and against Honorable Judge Jack Yarbrough for continuing to exercise jurisdiction in Cause No. 5686 by allowing post-judgment discovery techniques to continue. Relator states that he has filed a proper supersedeas bond which was approved. We overrule the Motion for Leave to file for a Writ of Prohibition.

The Supreme Court has held that the rules of civil procedure relating to supersedeas bonds do not authorize superseding a final judgment. Also, proceedings in one cause cannot suspend execution of a judgment in another cause. The supersedeas bond is designed to suspend matters in litigation prior to the judgment becoming final and prior to the issuance of an opinion in the matter on appeal. It preserves the

status quo while the appeal is pending. Any attempt to supersede a final judgment is void. See *Renger v. Jeffrey,* 143 Tex. 73, 182 S.W.2d 701 (1944).

■ The trial court has no authority to entertain a supersedeas bond which attempts to suspend execution on the original judgment in this matter. The bill of review proceeding is an independent and separate cause of action from the original cause of action. The subject of the pending appeal is the denial of the bill of review.

■ This court has no jurisdiction to grant writs of prohibition or injunction except to protect our own jurisdiction over the subject matter of a pending appeal. Since the matter before us is one where the trial court properly refused to acknowledge a supersedeas bond, we deny leave to file the Petition for Writ of Prohibition. See J. Siskind, *Bill of Review—The Last Chance,* 20 S.Tex.L.J. 237, 248–52 (1980).

■ Although we are not asked to construe the validity of the supersedeas bond directly, if the matter were properly before us, the bond would not be valid in that from the power of attorney attached it appears the attorney-in-fact for the surety did not have authority to execute a supersedeas bond.

MOORE, J., not sitting.