COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-010-CV
 
IRENE B. GREGORIAN, MIKE BOODAGH,       
           
           
           
           
    APPELLANTS
HOME AMERICA, INC., AND
THANKSGIVING REALTY
V.
TERRY EWELL AND NINA EWELL       
           
           
           
           
           
    APPELLEES
------------
FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
------------
OPINION
------------
Appellants seek an extension of
time to file their notice of appeal. In this case, we must determine whether the
filing by Appellants of their cash deposit in lieu of a supersedeas bond within
the period for perfecting appeal constituted a bona fide attempt to appeal
invoking this court's jurisdiction. This specific question has not been
addressed by the Texas courts. We hold that Appellants made a bona fide attempt
to appeal by filing a cash deposit in lieu of supersedeas bond during the
relevant time period and thus invoked appellate court jurisdiction.
The trial court rendered final
judgment in this case on September 10, 2002. Appellants timely filed a motion
for new trial on October 8, which extended the deadline for filing a notice of
appeal until December 9. Tex. R. App. P. 26.1. On October 30, Appellants filed a
$97,538.35 cash deposit with the district clerk in lieu of filing a supersedeas
bond. Tex. R. App. P. 24.1(c). On November 22, 2002, the trial court signed an
agreed order as to the sufficiency of the cash deposit in lieu of supersedeas
bond. Tex. R. App. P. 24.1(e). The order was agreed to and signed by counsel for
both Appellants and Appellees and stated that "such amount is adequate
security for the judgment rendered in this matter and will fully protect the
Plaintiffs on appeal."
Appellants filed their notice of
appeal on January 9, 2003, more than ninety days after the trial court's
judgment was signed and after the fifteen-day deadline had expired to file a
motion for extension of time to file their notice of appeal. See Tex.
R. App. P. 26.1(a), 26.3. On January 13, we notified Appellants, in accordance
with rule 42.3, that this court might not have jurisdiction over this appeal
because it appeared that the notice of appeal was not timely filed. Tex. R. App.
P. 42.3. In response, on January 23, Appellants filed a motion to extend time to
file the notice of appeal, arguing that they had made a bona fide attempt to
appeal and that they have a reasonable explanation to support the requested
extension of time. The motion for extension is supported by affidavits from
Appellant's counsel and his legal assistant, both of whom state that the due
date for the notice of appeal was mistakenly calendared for January 9 instead of
December 9, and that the mistake was not discovered until January 9. Appellees
oppose the motion.
The Supreme Court of Texas has
consistently supported the principle that appellate courts should not dismiss an
appeal for a procedural defect "whenever any arguable interpretation of the
Rules of Appellate Procedure would preserve the appeal." Verburgt v.
Dorner, 959 S.W.2d 615, 616 (Tex. 1997) (holding filing, in good faith, of
cost bond under former rules, beyond period required to perfect appeal but
within fifteen-day extension period, necessarily implied a motion to extend time
to perfect appeal); see also Jones v. City of Houston, 976 S.W.2d 676,
677 (Tex. 1998) (holding that, under former rule of appellate procedure
41(a)(1), affidavit in lieu of cost bond filed within fifteen-day time for
filing motion for extension of time, implied motion for extension subject to
establishing reasonable basis for extension).
Similarly, the supreme court has
repeatedly held that a court of appeals has jurisdiction if an appellant files
an instrument that is improper but constitutes a bona fide attempt to invoke
appellate jurisdiction. Linwood v. NCNB Tex., 885 S.W.2d 102, 103 (Tex.
1994) (holding improper filing of notice of appeal, rather than required cost
bond under former rules, sufficed as bona fide attempt to invoke appellate
jurisdiction); Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.,
813 S.W.2d 499, 500 (Tex. 1991) (holding that court of appeals must give
appellant filing improper document in bona fide effort to perfect an appeal an
opportunity to correct error by filing correct instrument). Most recently, the
supreme court re-affirmed the policy of interpreting the appellate rules,
wherever possible, to achieve the aim of furthering resolution of appeals on the
merits in Bennett v. Cochran, 96 S.W.3d 227, 230 (Tex. 2002) (relaxing
time deadline for filing of statement of issues under rule 34.6(c)(1) absent
complaint of prejudice).
The decisions in both Grand
Prairie and Linwood were based in part on former rule 83, which
provided that an appeal shall not be dismissed for defects or irregularities in
appellate procedure, either of form or substance, without allowing a reasonable
time to correct or amend the defects or irregularities. See Tex. R.
App. P. 44.3 (current rule). Additionally, the supreme court has instructed the
courts of appeals to construe the rules of appellate procedure liberally, so
that the right to appeal is not lost by imposing requirements not absolutely
necessary to effect the purpose of the rule. Verburgt, 959 S.W.2d at
616-17; see also Jones v. Stayman, 747 S.W.2d 369, 370 (Tex.
1987) (holding appellate rules should be interpreted liberally to allow
appellate courts to reach merits of case wherever possible); Consol.
Furniture Co. v. Kelly, 366 S.W.2d 922, 923 (Tex. 1963) (same).
The courts of appeals have
subsequently followed this policy. See In re M.A.H., No.
10-02-00234-CV, slip op. at 2, 2002 WL 31319959, at *1 (Tex. App.--Waco Oct. 16,
2002, no pet.) (holding that filing affidavit of indigency during fifteen-day
window for filing motion for extension of time to file notice of appeal
constituted bona fide attempt to invoke appellate jurisdiction); In re
Marriage of Gary, No. 07-01-00466-CV, slip op. at 3, 2002 WL 1806800, at *2
(Tex. App.--Amarillo Aug. 7, 2002, no pet.) (holding filing notice of appeal
from judgment constituted bona fide attempt to appeal order sustaining contest
of affidavit of indigency); Foster v. Williams, 74 S.W.3d 200, 203
(Tex. App.--Texarkana 2002, pet. denied) (holding filing of docketing statement
sufficient as bona fide attempt to perfect appeal).
In Verburgt, the supreme
court noted that implying a motion for extension of time by a late notice of
appeal filed within the fifteen-day grace period did not alter the time required
to perfect an appeal beyond the period authorized by the rules. 959 S.W.2d at
617. The court also found it significant that the decision in that case did not
undermine the principle of finality of judgments because "[p]arties who
prevail in the trial court will still know within the time specified [by the
rules] whether their opponents will seek to perfect an appeal." Id.
Here, Appellants filed their cash deposit within the time period for filing
their notice of appeal. During the same period, the trial court entered an
agreed order, signed by counsel for all parties, confirming the sufficiency of
the cash deposit and expressly referring to Appellants' intent to appeal.
Moreover, the reason for filing a cash deposit in lieu of bond is to protect
assets during an appeal.(1)
Thus, Appellees clearly knew long
before the notice of appeal was due that Appellants intended to appeal, and
Appellees have not claimed any surprise or prejudice by allowing the appeal to
go forward. See Verburgt, 959 S.W.2d at 617; see also Bennett,
96 S.W.3d at 230 (noting appellees made no complaint that relaxation of deadline
for filing statement of issues would prejudice their preparation or presentation
of case). Granting the requested extension in this case will not alter the time
period for perfecting appeal because the cash deposit was filed well within the
ninety-day period for filing the notice of appeal. Tex. R. App. P. 26.1(a); see
Verburgt, 959 S.W.2d at 617.
Mindful of the caveat from the
supreme court in Bennett, that "litigants should not view our
relaxation of rules in a particular case as endorsing noncompliance,"(2)
we hold that Appellants invoked the jurisdiction of this court under the unique
circumstances of this case by making a bona fide attempt to appeal when they
filed their cash deposit in lieu of supersedeas bond within the period required
for perfecting their appeal. The motion is granted, accordingly, we establish
the clerk's record and reporter's record are due May 12, 2003.
 
                                                           
ANNE GARDNER
                                                           
JUSTICE
 
PANEL D: CAYCE, C.J.; GARDNER and
WALKER, JJ.
 
DELIVERED: April 10, 2003

1.  See Tex. R. App. P. 24 (entitled
"Suspension of Enforcement of Judgments Pending Appeal in Civil
Cases"); see also Renger v. Jeffrey, 143 Tex. 73, 182 S.W.2d 701,
702 (1944) (orig. proceeding) (noting rules prescribe method of suspending
enforcement of judgment while it is on appeal); In re Tarrant Co., 16
S.W.3d 914, 918 (Tex. App.--Fort Worth 2000, orig. proceeding) (noting
supersedeas bond preserves status quo of matters pertaining to order from which
appeal is taken).
2.  9 S.W.3d at 230.