COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | |
| HAYDEE CRUZ AND JOE MANNY CRUZ, | § | No. 08-15-00167-CV |
| | § | Appeal from the |
| APPELLANTS, | § | 210th District Court |
| V. | § | of El Paso County, Texas |
| ALEJANDRO SANCHEZ, | § | |
| APPELLEE. | § | (TC# 2015-DCV1077) |

## OPINION ON MOTION

Alejandro Sanchez, Appellee, has filed a motion seeking review of the trial court's order staying execution of the original judgment pending appeal.

## FACTUAL SUMMARY

On July 25, 2014, the 210th District Court of El Paso County entered a final summary judgment in cause number 2012-DCV-06506, styled *Alejandro Sanchez v. Haydee Cruz and Joe Manny Cruz.* The judgment awarded Appellee, Alejandro Sanchez, the sum of $250,000 plus interest and attorney's fees. Appellants, Joe Manny Cruz and Haydee Cruz, did not appeal that judgment, but they later filed a petition for bill of review and application for injunctive relief in cause number 2015-DCV1077, styled *Haydee Cruz and Joe Manny Cruz v. Alejandro Sanchez.* On May 13, 2015, the trial court denied the bill of review and Appellants filed notice of appeal. On that same date, the trial court granted Appellants' request for a temporary injunction staying

the writ of execution on cause number 2012-DCV-06506 and commanding Sanchez to "desist and refrain from executing on the defamation judgment" during the pendency of the appeal or until the judgment is final by operation of law.

## STAYING EXECUTION OF THE JUDGMENT

Several issues are raised by Sanchez's motion asking for review of the temporary injunction. Sanchez asserts that Appellants were required to post a supersedeas bond in order to suspend the judgment entered in cause number 2012-DCV-06506. He additionally argues that the temporary injunction does not comply with the Rules of Civil Procedure. Appellants, on the other hand, seek to insulate the temporary injunction from interlocutory review by arguing that the temporary injunction does not fall within the reach of TEX.R.APP.P. 24, and therefore, the trial court's order is not subject to review by motion under Rule 24.4.

### Were Appellants Required to Post a Supersedeas Bond?

We begin with Sanchez's assertion that Appellants were required to post a supersedeas bond in order to suspend execution of the judgment in cause number 2012-DCV-06506. The judgment in that cause number became final because Appellants did not appeal.

As a general rule, a judgment debtor is entitled to supersede the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). A supersedeas bond is designed to suspend a judgment before it becomes final and it preserves the status quo during the pendency of the appeal. *Kantor v. Herald Publishing Company, Inc.*, 632 S.W.2d 656, 657-58 (Tex.App.--Tyler 1982, opinion on motion). Rule 24 of the Texas Rules of Appellate Procedure, which is titled "Suspension of Enforcement of Judgment Pending Appeal in Civil Cases," establishes the procedure for staying execution of a judgment during the pendency of the appeal from that judgment. *See* TEX.R.APP.P. 24.1-24.4. The trial court is authorized to make any order

necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause. *See* TEX.R.APP.P. 24.1(e).

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or a direct appeal. *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). A bill of review proceeding is an independent and separate cause of action from the original cause of action. *Kantor*, 632 S.W.2d at 658. The mere filing of a bill of review does not affect the finality of the judgment which the bill of review applicant seeks to set aside. *Schwartz v. Jefferson,* 520 S.W.2d 881, 889 (Tex. 1975). In order to protect the status quo in the original proceeding while a bill of review is pending, trial courts have stayed execution of the original judgment by granting a temporary injunction in the bill of review action. *See, e.g., Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 242 (Tex. 1974); *American Fidelity Fire Insurance Company v. Pixley,* 687 S.W.2d 50, 51 (Tex.App.--Houston [14th Dist.] 1985, no writ)(holding that trial court did not abuse its discretion by granting such a temporary injunction). If the trial court denies the bill of review, the subject of the appeal is the denial of the bill of review, not the original judgment, and a supersedeas bond cannot suspend execution of the original judgment. *Kantor*, 632 S.W.2d at 658. Any attempt to supersede a final judgment is void. *Kantor*, 632 S.W.2d at 658, *citing Renger v. Jeffrey*, 143 Tex. 73, 182 S.W.2d 701 (1944). We conclude that Appellants were not required to post a supersedeas bond because it could not operate to suspend execution of the original judgment in cause number 2012-DCV-06506.

*No Appeal Taken from the Temporary Injunction*

In his motion, Sanchez asserts that the temporary injunction is void because it does not comply with the mandatory requirements of Rules 683 and 684 of the Texas Rules of Civil

Procedure. This argument could have been presented in an appeal from the order granting the temporary injunction, but Sanchez did not file a notice of appeal. It is well established that a party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. TEX.R.APP.P. 25.1(c). By requesting that we dissolve the temporary injunction, Sanchez is certainly seeking to alter an appealable order. Having failed to file a notice of appeal, Sanchez has waived any complaints about the alleged defects in the temporary injunction. Accordingly, we deny the motion to dissolve the temporary injunction.

August 31, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.