ACCEPTED
1-15-00760-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 3:28:07 PM
CHRISTOPHER PRINE
CLERK

## No. 01-15-00760-CV

IN THE
COURT OF APPEALS FOR THE
FIRST COURT OF APPEALS DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/9/2015 3:28:07 PM
CHRISTOPHER A. PRINE
Clerk

CAROLYN P. AUSTIN

APPELLANT

VERSUS

COFACE SEGURO DE CREDITO MEXICO, S.A. DE C.V.,
AS ATTORNEY BY ENDORSEMENT FOR BANCO MONEX, S.A.,
INSTITUCION DE BANCO MULTIPLE MONEX GRUPO FINANCIERO,
APPELLEE

APPEAL FROM THE 270TH JUDICIAL DISTRICT COURT, HARRIS COUNTY, TEXAS
NO. 2014-45802

## Appellee Coface's Response to Appellant's Emergency Motion to Prohibit Sale of Property and Appellee's Motion for Bond to Secure Injunction

PULMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LLP
David Lopez
State Bar No. 12562975
Leslie Sara Hyman
Texas State Bar No. 00798274
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
(210) 222-9494 (Telephone)
(210) 892-1610 (Facsimile)

KELLY DURHAM & PITTARD, LLP
Peter M. Kelly
Texas State Bar No. 00791011
1005 Heights Blvd.
Houston, Texas  77008
(713) 529-0048 (Telephone)
(713) 529-2498 (Facsimile)

*Attorneys for Appellee*

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ............................................................................. iii

APPELLATE RECORD FOR THE RESPONSE ........................................... iv

INTRODUCTION .............................................................................................. 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ..................................................................................................... 7

I.      Austin's request for equitable relief should be denied because
        she and her lawyers have acted with unclean hands. ........................... 7

II.     If the Court grants Austin injunctive relief, she should be
        required to post a bond to protect Coface against possible loss. ........ 11

III.    Certain arguments made by Austin are simply incorrect. ................... 14

        A.      Austin's suggestion that Coface has acted improperly is
                incorrect. ................................................................................... 14

        B.      Austin's claim that Coface needs Judge Gamble's
                declaration in order to foreclose is incorrect. ......................... 15

        C.      Austin's claim that Coface is "evading" Judge Gamble's
                September 18 Order is incorrect. ............................................. 15

        D.      Austin's claims that the $212,000 bond for rent supersedes
                the Bexar County Judgment and protects Coface from
                loss of the property is incorrect. ............................................. 16

        E.      Austin's claim that Coface seeks to obstruct Austin's right
                to appeal is incorrect. ............................................................... 17

PRAYER .......................................................................................................... 17

CERTIFICATE OF CONFERENCE .............................................................. 19

CERTIFICATE OF SERVICE ...............................................................................19

CERTIFICATE OF COMPLIANCE.....................................................................20

# INDEX OF AUTHORITIES

**Cases**

*Cruz v. Sanchez*,
___ S.W.3d ___, 2015 WL 5137036 (Tex. App. – El Paso Aug. 31, 2015,
no writ) [not yet released for publication] ........................................................6

*In re Jim Walter Homes, Inc.*,
207 S.W.3d 888 (Tex. App. – Houston [14th Dist.] 2006,
orig. proceeding) ....................................................................................8, 11

*Kantor v. Herald Publishing Co., Inc.*,
632 S.W.2d 656 (Tex. App. – Tyler 1982, no writ) ...........................................6

*Pendleton Green Assocs. v. Anchor Savings Bank*,
520 S.W.2d 579 (Tex. Civ. App. – Corpus Christi 1975, no writ).................11

*Renger v. Jeffrey*,
143 Tex. 73, 182 S.W.2d 701 (1944) ..............................................................6

*Reyes v. Atkins*,
619 S.W.2d 26 (Tex. Civ. App. – Fort Worth 1981, no writ)...................11, 12

*Riverdrive Mall, Inc. v. Larwin Mortgage Investors*,
515 S.W.2d 2 (Tex. Civ. App. – San Antonio 1974, writ ref'd n.r.e.) ...........11

*Sonny Arnold, Inc. v. Sentry Savings Ass'n*,
602 S.W.2d 90 (Tex. Civ. App. – Amarillo 1980, orig. proceeding) .............11

**Statutes**

Texas Civil Practice & Remedies Code, Chapter 36 .................................................3

Texas Government Code § 21.221 ...........................................................................11

**APPELLATE RECORD FOR THE RESPONSE**

Under Texas Rule of Appellate Procedure 10.2, Defendant-Appellee Coface Seguro de Credito Mexico, S.A. de C.V., as Attorney by Endorsement for Banco Monex, S.A., Institucion de Banco Multiple Monex Grupo Financiero ("Coface") is filing a separate record that attaches copies of pleadings and other pertinent items, as well as affidavits for other facts, to serve as the record in connection with this Response and Motion for Bond to Secure Injunction. Coface's record is cited as "**Response R. Tab ___.**"

## INTRODUCTION

This case exists because Appellant Carolyn P. Austin ("Austin") bought real property from Coface's judgment debtor in 2013 without conducting any search whatsoever for liens in the Harris County Real Property Records. As a result, Austin neglected to find an Abstract of Judgment that Coface had properly recorded in Harris County <u>before</u> Austin ever became involved and that she easily could have found by performing a simple search of the Harris County Clerk's website from her home computer. There is no question that Coface's judgment is valid. The Honorable Brent Gamble found that Coface's Abstract of Judgment perfected a lien on the subject property and that Austin took the property subject to that lien because the evidence underlying those findings – including the testimony of the Harris County Clerk himself – was overwhelming and undisputed.

On September 18, 2015, after Coface candidly informed Judge Gamble that, in view of his rulings and dissolution of the temporary injunction, Coface intended to foreclose, Austin asked Judge Gamble to issue a post-judgment injunction against foreclosure. He refused. Rather than immediately coming to this Court to seek such injunctive relief, Austin and her lawyers spent the 48 days between September 18 and November 5 obstructing Coface's lawful efforts to foreclose by first filing a false document with the District Clerk in Bexar County (for which they were sanctioned

1

by a San Antonio judge) and then filing, and at the last minute dropping, another motion for injunctive relief with Judge Gamble.

Coface knows that sometimes a court must issue an injunction to protect its jurisdiction, even if the party seeking the injunction has unclean hands. If this is such a case, fairness dictates that Austin be required to post a bond to protect Coface against loss during the appeal. Judge Gamble authorized Austin to post a $212,000 bond to supersede his declarations in favor of Coface. That bond does not supersede Coface's Bexar County judgment which has long been final and, as a matter of law, cannot be superseded. Instead, the $212,000 bond covers just rent that Austin will owe Coface for using the property during appeal. Judge Gamble did not require Austin to post an additional amount to protect Coface against loss or damage to the property pending appeal because he denied Austin's request for a post-judgment injunction, clearing the way for Coface to protect itself by foreclosing now.

Coface's underlying Bexar County judgment is now worth in excess of $1.8 million. If Coface were to foreclose on December 1, 2015 as scheduled, it would recover a property worth $1,717,325.00 (according to Austin's own estimate). The risk to Coface of having to wait to foreclose pending the appeal is that the value of the property may diminish due to natural causes or to conduct of Austin. An injunction bond in the amount of **$1,064,741.50** would protect Coface from such

loss and is an equitable quid pro quo for Austin's request that Coface's valuable right to collect on its judgment be enjoined.

## STATEMENT OF FACTS

In April 2013, Coface registered a $1.149 million judgment against Rafael Augusto Martin Ojeda Miranda ("judgment debtor") in Bexar County, Texas.[1] It is undisputed that, at that time, Coface's judgment debtor owned real property located at 3614 St. Tropez Way in Houston, Texas (the "Property"). In May 2013, Coface duly recorded an Abstract of Judgment in the Harris County Real Property Records. *See* Abstract of Judgment (May 6, 2013) (Response R. Tab B). In the underlying case, Judge Gamble found that Coface's Abstract of Judgment "perfected a lien on the real property located at 3614 St. Tropez Way, Houston, Harris County, Texas on May 6, 2013." *See* Order Granting Coface's Traditional Motion for Partial Summary Judgment (Response R. Tab C), at 1-2.

Two months later, in July 2013, Austin bought the Property from Coface's judgment debtor, paying $1.55 million cash but she did not address or attempt to

[1] *Compagnie Française d'Assurance pour le Commerce Extérieur* is a French credit insurer that works in 67 countries around the world. *See* <www.coface.com>. This case involves its Mexican subsidiary. Coface's Bexar County judgment arises out of a loan that Banco Monex, Coface's insured, made to the judgment debtor's Mexican company that he, in turn, personally guaranteed. *See* Registration of Foreign Judgment (Response R. Tab A), at Exhibit B (translation) ¶ IV on p. 2 (discussing loan transaction and guarantee of notes). Following default on the loan, Coface paid Banco Monex under the policy and assumed the bank's collection rights. In October 2012, Coface obtained a judgment in the amount of $14,991,144 pesos (equivalent at the time to **US$1,149,627.61**) from a court in Mexico City. *See id*., at 2. On April 3, 2013, the Mexican judgment was duly registered in accordance with Chapter 36 of the Civil Practice & Remedies Code in the 288th District Court of Bexar County, Texas. *See id*.

satisfy Coface's lien. *See* Settlement Statement (Response R. Tab D). Discovery in this case proved that, when she was purchasing the Property, Austin did not search the Harris County Real Property Records for judgments, abstracts of judgment or liens against her seller. *See* Transcript of the Deposition of Carolyn P. Austin (Response R. Tab E), at 45:17-46:1 & 108:23-109:1. Discovery also proved that her title company, Stewart Title Company ("Stewart Title"), conducted a deficient title examination and failed to find Coface's Abstract of Judgment, despite that fact that, prior to closing, it was aware of Coface's Mexican lawsuit against the judgment debtor and had his full name ("Rafael Augusto Martin Ojeda Miranda") in its transaction file at least 40 times. *See* Transcript of the Deposition of Stewart Title Company (Response R. Tab F), at 53:1-15.[2] Based in part on this evidence, Judge Gamble ruled that "when Carolyn P. Austin acquired said real property in July 2013 she took the property subject to Coface's lien." *See* Order Granting Coface's Traditional Motion for Partial Summary Judgment (Response R. Tab C), at 2.

---

[2] Reading between the liens, the Court may already have deduced that this case really is being driven by Stewart Title, not Austin. From the outset, Stewart Title, by selecting the first set of lawyers who represented Austin in the trial court, has used Austin as a straw person to wage a battle with Coface to try to avoid paying on a $1.55 million title policy that it issued to Austin. Rather than admit that it failed to conduct a proper title examination, Stewart Title took the position in the trial court that its title examination was solely for its benefit and disavowed conducting any lien searches for Austin. *See* Response R. Tab F, at 35:1-17. Coface, not Austin, added Stewart Title as a party to the case in the trial court and Stewart Title was represented by the same lawyers who are now Austin's counsel of record. *See* Answer of Third-Party Defendant Stewart Title Company (Response R. Tab G), at 3. When Austin lost on summary judgment in the trial court, the law firm that initially represented her (the Royston, Rayzor, Vickery & Williams firm) was promptly replaced by Stewart Title's own lawyers at Jackson Walker. *See* Unopposed Motion to Substitute Counsel (Response R. Tab H), at 1.

4

On August 1, 2014, before Austin filed this suit, Coface obtained an Execution and Order of Sale from the Bexar County District Clerk based on the Bexar County judgment. *See* Execution and Order of Sale (Aug. 1, 2014) (Response R. Tab I). Before posting the Property for foreclosure, Coface contacted Stewart Title to try to resolve the matter. *See* D. Lopez's letter to J. Atkins (Aug. 1, 2014) (no enclosures) (Response R. Tab J). Instead of trying to resolve the matter, Austin filed suit in Harris County on August 8, 2014, alleging that Coface was "fraudulently trying to foreclose" on the Property, seeking a declaration that she owned the Property without lien, and asking for damages against Coface for intentional infliction of emotional distress. *See* Plaintiff's Verified Original Petition, Application for Temporary Restraining Order and Temporary Injunction to Enjoin Foreclosure of Homestead (Aug 8, 2014) (no exhibits) (Response R. Tab K), at 4 & 7.

In August 2014, Judge Gamble temporarily enjoined Coface from proceeding with foreclosure during the pendency of the case. *See* Affidavit of David Lopez ("Lopez Aff.") (Response R. Tab L), at ¶ 5. On August 21, 2015, after a year of vigorous litigation, Judge Gamble issued a Final Judgment in favor of Coface and dissolved the temporary injunction. *See* Final Judgment (Aug. 21, 2015) (Response R. Tab M), at 2. **Thus, as of August 21, 2015, Coface was in the same posture that it was in prior to the lawsuit, legally free to foreclose on the Property based on its Bexar County judgment**.

In September 2015, Austin asked Judge Gamble to allow her to supersede the Final Judgment by posting a bond equal to the rental value of the Property for the anticipated duration of this appeal. *See* Plaintiff Carolyn P. Austin's Motion to Set Amount of Security to Suspend Enforcement of the Judgment ("Austin Mtn. Set Amount") (Response R. Tab N). Importantly, the supersedeas bond that Austin sought from Judge Gamble would allow her to suspend <u>his declarations</u> in favor of Coface; however, as a matter of law, a supersedeas bond in this case could not suspend the Bexar County judgment because it has long been final and was obtained in a different case.[3]

In view of her inability to use a supersedeas bond to halt foreclosure, Austin asked Judge Gamble to enjoin Coface from enforcing the Bexar County judgment. In a telephonic hearing on September 18, 2015, Judge Gamble granted Austin's request to supersede <u>his declaratory judgment</u> by posting a bond in the amount of

---

[3] As a matter of law, any attempt to supersede a <u>final</u> judgment is void. *See Renger v. Jeffrey*, 143 Tex. 73, 182 S.W.2d 701, 702 (1944); *Cruz v. Sanchez*, ___ S.W.3d ___, 2015 WL 5137036, at *1 (Tex. App. – El Paso Aug. 31, 2015, no writ) [not yet released for publication]; *Kantor v. Herald Publishing Co., Inc.*, 632 S.W.2d 656, 658 (Tex. App. – Tyler 1982, no writ). A supersedeas bond is designed to suspend a judgment before it becomes final and it preserves the status quo during the pendency of the appeal. *See Cruz*, 2015 WL 5137036, at *1; *Kantor*, 632 S.W.2d at 657-68. A supersedeas bond in this case could not suspend enforcement of the Bexar County judgment because that judgment has long been final. *See* Lopez Aff. (Response R. Tab L), at ¶ 3.

Furthermore, also as a matter of law, a supersedeas bond filed in one case cannot suspend execution of a judgment in another case. *See Cruz*, 2015 WL 5137036, at *1 (holding that supersedeas bond in later case (cause number 2015-DCV-1077) "could not operate to suspend execution of the original judgment in cause number 2012-DCV-06506"); *Kantor*, 632 S.W.2d at 657 (stating that "proceedings in one cause cannot suspend execution of a judgment in another cause"). Indeed, a trial court "has no authority to entertain a supersedeas bond which attempts to suspend execution on the original judgment" in another case. *Kantor*, 632 S.W.2d at 658.

$212,000.00 (to cover rent for 24 months) but specifically rejected her request to enjoin Coface from executing on the Bexar County judgment. *See* Order on Motion to Set Amount of Security to Suspend Enforcement of Judgment (Sept. 18, 2015) (Response R. Tab O), at ¶ 3 (striking through <u>in red</u> Austin's proposed language that "Coface may not take any action to pursue or enforce its writ of execution regarding the real property at issue in this case or otherwise take any action to pursue or attempt to collect under its Abstract of Judgment"); Coface's Response to Plaintiff's Emergency Motion (Response R. Tab P), at 2-3 (discussing September 18 hearing).

Thus, as of September 18, 2015, it was clear that Austin could not suspend execution of the Bexar County judgment by means of a supersedeas bond and that her recourse was to ask this Court for an injunction. As more fully explained below, in the intervening weeks between September 18 and November 5 (when she filed the Motion now at issue), Austin and her lawyers undertook bad faith measures in Bexar County to obstruct a November 3, 2015 Constable's sale of the Property. *See* Coface's Response to Plaintiff's Emergency Motion (Response R. Tab P), at 5-7. Having succeeded in obstructing Coface's rights as a judgment creditor by improper means in October, Austin is now in this Court asking for equitable relief.

### ARGUMENT

**I.    Austin's request for equitable relief should be denied because she and her lawyers have acted with unclean hands.**

Equitable relief should be denied to Austin under the doctrine of unclean hands. In October 2015, Austin and her lawyers improperly used Judge Gamble's September 18, 2015 Order authorizing a supersedeas bond to cover rent to fool the Bexar County District Clerk into issuing an invalid Writ of Supersedeas (which they then used to fool the Harris County Constable into cancelling the November 3 foreclosure sale).

He who comes into court seeking equity must come with clean hands. Under the doctrine of **unclean hands**, a court may refuse to grant **equitable relief**, such as an injunction, sought by "one whose conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *In re Jim Walter Homes, Inc.*, 207 S.W.3d 888, 899 (Tex. App. – Houston [14th Dist.] 2006, orig. proceeding).

Coface has played by the rules throughout this case. While it was pending in the trial court, Coface obeyed the temporary injunction prohibiting it from enforcing the Bexar County judgment. *See* Lopez Aff. (Response R. Tab L), at ¶ 5. On August 21, 2015, in the Final Judgment, the Court dissolved the temporary injunction. Thereafter, and only thereafter, on September 8, 2015, Coface obtained a new Execution and Order of Sale in the Bexar County case and, on September 14, 2015, sent it to the Harris County Constable (Precinct 5) for posting. *See* Coface's

Response to Plaintiff's Emergency Motion (Response R. Tab P), at 5-6; Lopez Aff. (Response R. Tab L), at ¶ 6. Importantly, <u>prior to the September 18 hearing in which Judge Gamble rejected Austin's request for a post-judgment injunction, Coface fully disclosed to him and Austin that it had obtained a new Execution and Order of Sale and intended to foreclose</u>. *See* Coface's Response to Austin's Motion to Set Amount of Security to Suspend Enforcement of the Judgment ("Coface Resp. Mtn. Set Amount") (Response R. Tab Q), at 2 & Exhibit A. The Constable subsequently posted the subject property for foreclosure sale on November 3.[4]

Although Judge Gamble had made it very clear on September 18 that he would not enjoin Coface from executing the Bexar County judgment against the Property, Austin failed to immediately come to this Court to ask for such relief. Instead, on a completely *ex parte* basis with no notice to Coface or its lawyers, Austin's lawyers undertook the following improper actions in Bexar County for the sole purpose of obstructing the November 3 Constable's sale:

- on October 6, 2015, a Jackson Walker lawyer in San Antonio filed a copy of Judge Gamble's September 18, 2015 Order and Austin's September 30, 2015 "Corrected Supersedeas Bond" from this case in the Bexar County case;[5]

- based on those documents, the Jackson Walker lawyer duped the

---

[4] The Constable sent Austin notice of the November 3 foreclosure on or about September 17, 2015 – over 45 days prior to the date of sale. *See* Deputy D. Johnson's Sept. 17, 2015 notice that is set forth as the second page in Exhibit P of Austin's Record. For the Court's convenience, a copy of the notice is included as Response R. Tab R.

[5] *See* Coface's Response to Plaintiff's Emergency Motion (Response R. Tab P), at Exhibits 2 & 3 (bearing Bexar County file stamp).

Bexar County District Clerk's office into issuing an invalid Writ of Supersedeas against the Bexar County judgment;[6]

• the Jackson Walker lawyer did not tell the Bexar County District Clerk that Judge Gamble had rejected Austin's request to enjoin matters in the Bexar County case;

• on October 12, 2015, a Jackson Walker lawyer in Houston then delivered the invalid Writ of Supersedeas to the Harris County Constable in order to obstruct the November 3 foreclosure sale;[7]

• on October 14, 2015, based solely on the false Writ of Supersedeas, the Constable cancelled the November 3 sale;[8] and

• on October 19, 2015, the Bexar County Criminal District Attorney's office issued a letter to the Harris County Constable stating that "[t]he writ was improvidently issued and should not be considered valid."[9]

On October 16, 2015, Coface filed a *Motion to Dissolve Writ and for Sanctions* in the Bexar County case. *See* Motion to Dissolve Writ and for Sanctions filed in *Coface Seguro de Credito Mexico, S.A. de C.V., as Attorney by Endorsement for Banco Monex, S.A., Institucion de Banco Multiple Monex Grupo Financiero v. Rafael Augusto Martin Ojeda Miranda*, No. 2013-CI-05581, 288th District Court, Bexar County, Texas (Oct. 16, 2015) (Response R. Tab S).

On October 21, 2015, the Honorable Stephani Walsh, Judge of the 45th District Court, granted Coface's Motion, dissolved the false Writ of Supersedeas and ordered the Jackson Walker law firm to pay Coface $15,000.00 for the attorney's fees it

---

[6] *See id.*, at Exhibit 4.
[7] *See id.*, at Exhibit 5.
[8] *See id.*, at Exhibit 6.
[9] *See id.*, at Exhibit 7.

incurred in undoing the false Writ and $325.00 to cover the cost of re-posting the subject property for foreclosure. *See* Judge Walsh's Order on Plaintiff's Motion to Dissolve Writ and for Sanctions (Oct. 21, 2015) (Response R. Tab T).

The recent conduct in Bexar County of Austin and her lawyers in connection with this same matter or transaction has been unconscientious, unjust and marked by a want of good faith. *Jim Walter Homes*, 207 S.W.3d at 899. They have violated the principles of equity and righteous dealing. *Id.* For that reason, Austin's request in this Court for equitable relief should be denied.

## II. If the Court grants Austin injunctive relief, she should be required to post a bond to protect Coface against possible loss.

The right to foreclose is a "valuable right." *Pendleton Green Assocs. v. Anchor Savings Bank*, 520 S.W.2d 579, 582 (Tex. Civ. App. – Corpus Christi 1975, no writ); *Riverdrive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex. Civ. App. – San Antonio 1974, writ ref'd n.r.e.). And although Government Code Section 21.221 does not expressly require a bond for the issuance of an injunction thereunder, it is clear that courts of appeal have the authority to require the posting of a bond to protect against inequity and potential loss. *See Reyes v. Atkins*, 619 S.W.2d 26, 28 (Tex. Civ. App. – Fort Worth 1981, no writ); *Sonny Arnold, Inc. v. Sentry Savings Ass'n*, 602 S.W.2d 90, 93 (Tex. Civ. App. – Amarillo 1980, orig. proceeding); *Pendleton*, 520 S.W.3d at 582. Multiple courts of appeals have viewed themselves as having an "affirmative duty to protect the other parties in the litigation

11

from a possible loss" by requiring the posting of such a bond. *See Reyes*, 619 S.W.2d at 28 (and cases cited therein).

The existing $212,000 bond is only to ensure payment of rent. *See* Austin Mtn. Set Amount (Response R. Tab N), at ¶¶ 5-9; Lopez Aff. (Response R. Tab L), at ¶ 7. It does not protect Coface from loss or damage to the Property. *See* Coface Resp. Mtn. Set Amount (Response R. Tab Q), at 7. If Austin wants an injunction to stop execution of the Bexar County judgment, fairness requires that she post a bond to protect Coface from potential loss or damage to the Property that may occur while the injunction is in effect.

If the current foreclosure proceeded unobstructed on December 1, 2015, Coface would recover real property worth **$1,717,325.00** – according to Austin's valuation.[10] The biggest risks of loss or damage to the Property during the pendency of the appeal are as follows:

- loss of the improvements due to fire, hurricane or other catastrophic event,

- imposition of liens due to Austin's failure to timely pay property taxes, homeowner's association dues or other assessments on the Property,

- sale, transfer, conveyance or encumbrance of the Property or Austin's interests therein (assuming she has not done so already),

---

[10] This is the value of the Property based on the Zillow estimate that Austin relied on to establish the $8,037 monthly rent figure. *See* Austin Mtn. Set Amount (Response R. Tab N), at Exhibit A.

- abandonment of the Property,[11] and

- failure to maintain the Property in its current condition or to comply with covenants and restrictions on the Property.

Stated differently, if Coface were to foreclose on December 1, it would have in hand a property worth $1,717,325.00; however, if during the pendency of the appeal the house were destroyed by fire or hurricane, the value of the Property would drop drastically to only about $650,000.00[12] – an instant loss to Coface of over $1 million as compared to where it would be with a December 1 foreclosure. (Importantly, the foregoing risks of loss are distinct from reduction in value based on general real estate market conditions. Coface is not asking for a bond to protect it against loss due to market conditions.)

The bond sought by Coface is substantial. But that is so only because the amounts at stake in this case and Coface's potential loss during the pendency of the appeal are substantial. The Court should not be concerned about Austin having to bear the cost of posting a $1,064,741.50 bond. Stewart Title has borne Austin's costs in this litigation.[13] On that basis, Coface understands and believes that Stewart Title

---

[11] Coface's concern that Austin will abandon the Property during the appeal is based on the fact that this past summer she purchased a new home in Houston at 2830 Tudor Manor and identified the new home as her mailing address. *See* Special Warranty Deed for 2830 Tudor Manor, Houston, Texas (July 15, 2015) (Response R. Tab U), at 1.

[12] Based on recent Harris County Appraisal District valuations, the improvement constitutes roughly 62% of the total value of the Property (or $1,064,741.50) and the land constitutes the remaining 38% of the total value (or $652,583.50). *See* Lopez Aff. (Response R. Tab L), at ¶ 8.

[13] *See* Transcript of the Deposition of Carolyn P. Austin (Response R. Tab E), at 29:12-32:10 (testifying that she did not know the amount of attorney's fees and costs incurred by her lawyers

13

will pay the costs associated with a bond. If that is not the case, Austin can certainly state that to be so by way of sworn affidavit in response to Coface's Motion.

## III. Certain arguments made by Austin are simply incorrect.

### A. Austin's suggestion that Coface has acted improperly is incorrect.

Austin argues that it was improper for Coface to obtain Execution and Orders of Sale in Bexar County in 2014 and 2015 without prior notice to her. *See* Motion, at ¶ 5. This argument is misplaced for 3 reasons.

First, because Coface's judgment is registered in Bexar County, the Bexar County District Clerk is the only proper authority that can issue an execution and sale order on Coface's judgment. Thus, Coface properly undertook that precursor to foreclosure in San Antonio, not Houston. Second, Austin was not notified in advance that Coface was obtaining such orders because she is not now and never has been a party to the Bexar County case – the only parties in that case are Coface and its judgment debtor. Notably, Coface does not even have a duty to notify its judgment debtor that it is obtaining an execution and sale order.

Third, each time, Coface gave Austin liberal notice of the execution and sale orders and of its intent to foreclose. In 2014, Coface sent the order to Stewart Title (who in turn gave it to Austin) and Austin filed suit before the order was ever delivered to the Harris County Constable. *See id.*, at 82:6-25; D. Lopez's letter to J.

_____

in the trial court because of an agreement that Stewart Title will pay her litigation costs).

14

Atkins (Aug. 1, 2014) (Response R. Tab J), at 2 (referencing the 2014 Execution and Order of Sale). In 2015, Coface fully disclosed to Austin and Judge Gamble that it had obtained a new execution and sale order and that it intended to foreclose. *See* Coface Resp. Mtn. Set Amount (Response R. Tab Q), at 2 & Exhibit A. The Harris County Constable then gave Austin personal notice that the Property had been posted for foreclosure more than 45 days in advance of the scheduled sale. *See* Deputy D. Johnson's Sept. 17, 2015 notice (Response R. Tab R). For these reasons, Austin's assertion that Coface has acted without notice to her in an underhanded fashion is absolutely incorrect.

B.     **Austin's claim that Coface needs Judge Gamble's declaration in order to foreclose is incorrect.**

Austin asserts that Judge Gamble's judgment is the only adjudication that holds that Coface's Abstract of Judgment created a lien on the Property and, for that reason, Coface could not foreclose absent his judgment. *See* Motion, at ¶ 9. This is incorrect because Coface is entitled to foreclose under Texas law based purely and exclusively on its judgment and Abstract of Judgment. Coface's legal right to foreclose existed before this case and before Judge Gamble's rulings did. It is Austin who needs a favorable declaration from a court to stop foreclosure, not Coface that needs a declaration to pursue foreclose.

**C.** **Austin's claim that Coface is "evading" Judge Gamble's September 18 Order is incorrect.**

Austin claims that Coface obtained the new Execution and Order of Sale in 2015 in order "to evade" Judge Gamble's September 18 Order allowing Austin to supersede his declarations. See Motion, at § D. That is false. First, the role of the $212,000 rent bond was to supersede Judge Gamble's own declaratory judgment. He understood that, as a matter of law, a final judgment in an entirely different case cannot be superseded. Second, Coface fully disclosed to Judge Gamble and Austin prior to the September 18 hearing that it had obtained a new Execution and Order of Sale and intended to foreclose. Even knowing that, Judge Gamble still rejected Austin's request to enjoin enforcement of the Bexar County judgment. Coface's conduct since the September 18 hearing has not evaded Judge Gamble's rulings in any way but has been entirely consistent with them.

**D.** **Austin's claims that the $212,000 bond for rent supersedes the Bexar County Judgment and protects Coface from loss of the property is incorrect.**

Austin claims that Coface wrongfully has refused to halt foreclosure despite the fact that she posted the $212,000 bond and that that bond was intended to provide security for Coface against loss of the Property. *See* Motion, at § E & ¶ 14. Neither claim is true. As explained previously, the $212,000 bond is intended to cover rent – calculated at a rate of $8,037 per month for 24 months (the anticipated duration of this appeal) plus pre-judgment interest on the rent – for Austin's use of the Property

16

during the appeal. The rent bond never was intended by Judge Gamble to halt foreclosure or to protect Coface's against loss or damage to the physical Property pending the appeal.

**E.** **Austin's claim that Coface seeks to obstruct Austin's right to appeal is incorrect.**

Finally, Austin claims that Coface's purpose in seeking to force a sale of the Property is to obstruct her right to appeal. *See* Motion, at 13. That is not correct. Coface's interest is collecting on its judgment and, if collection is temporarily stayed, to protect against potential loss of the underlying asset. Coface made multiple good faith efforts to reach agreement with Austin about security that would suspend foreclosure during her appeal. Austin rejected all of those efforts.

## PRAYER

WHEREFORE, Appellee Coface Seguro de Credito Mexico, S.A. de C.V., as Attorney by Endorsement for Banco Monex, S.A., Institucion de Banco Multiple Monex Grupo Financiero prays that the Court deny Appellant's Emergency Motion to Prohibit Sale of the Property at Issue in this Appeal So as to Preserve this Court's Jurisdiction with Request for Expedited Consideration. In the alternative, if the Court grants Appellant injunctive relief, Coface requests that the Court require Appellant to post an injunction bond in the amount of **$1,064,741.50**. Coface requests that the Court grant it all other and further relief, at law and in equity, to which Coface may be justly entitled.

Dated:  November 9, 2015

Respectfully submitted,

**PULMAN, CAPPUCCIO, PULLEN, BENSON & JONES, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas  78213
Tel:  (210) 222-9494
Fax:  (210) 892-1610

By: *  /s/ David Lopez*
    David Lopez
    State Bar No. 12562975
    *dlopez@pulmanlaw.com*
    Leslie Sara Hyman
    State Bar No. 00798274
    lhyman@pulmanlaw.com

Peter M. Kelly
State Bar No. 00791011
**KELLY DURHAM & PITTARD, LLP**
1005 Heights Blvd.
Houston, Texas  77008
Tel:  (713) 529-0048
Fax:  (713) 529-2498
Email:  pkelly@texasappeals.com

**ATTORNEYS FOR APPELLEE COFACE SEGURO DE CREDITO MEXICO, S.A. DE C.V., AS ATTORNEY BY ENDORSEMENT FOR BANCO MONEX, S.A., INSTITUCION DE BANCO MULTIPLE MONEX GRUPO FINANCIERO**

18

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with counsel for Appellant Carolyn P. Austin concerning the relief sought herein by Appellee. Appellant opposes Appellee's Motion for Bond to Secure Injunction. Therefore, it is necessary to present the matter to the Court for resolution.

_/s/ David Lopez_

David Lopez


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served on the following counsel of record via Electronic Service and Email in accordance with the Texas Rules of Appellate Procedure on this 9th day of November 2015:

John A. Koepke, Esq.
*jkoepke@jw.com*
Scott M. McElhaney, Esq.
*smcelhaney@jw.com*
Jackson Walker, L.L.P.
2323 Ross Avenue, Suite 600
Dallas, Texas 75201

Jennifer A. Bryant, Esq.
*jbryant@jw.com*
Jackson Walker, L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010

_/s/ David Lopez_

David Lopez

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Response and Motion for Bond to Secure Injunction complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i) in that, exclusive of the matters excepted from the word count limitations of the Rule, this motion contains 5,083 words and is prepared in Times New Roman 14 for the body text and Times New Roman 12 for footnotes.

*/s/ David Lopez*
David Lopez