**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 18, 2025.**



**In The**

# Fifteenth Court of Appeals

### NO. 15-25-00006-CV

## IN RE MICHAEL GARRETT, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**

## MEMORANDUM OPINION

On January 30, 2025, Relator Michael Garrett filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, Relator asks this Court to compel the Texas Board of Criminal Justice, the Department of Criminal Justice, and the Board of Pardons and Paroles to (1) issue a parole certificate for 2011; (2) provide the amount of money he is entitled to receive for parole in 2011; (3) credit his sentence with "good time"; (4) ensure that his consecutive sentences "run separately"; (5) release him to a

residential halfway house or intensive supervision; and (6) prohibit officials from altering his original judgments of conviction.

This Court only has authority to issue writs arising out of matters "over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d)." Tex. Gov't Code § 22.221(c-1). This limited jurisdiction is further restricted to issuing writs against a "judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." *Id.* § 22.221(b). The Texas Board of Criminal Justice, the Department of Criminal Justice, and the Board of Pardons and Paroles are not district courts or county court judges in this Court's district. We therefore lack jurisdiction to issue writ of mandamus against those entities. *See id.* § 22.221(a).

Texas courts have jurisdiction to issue "all other writs necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a). But this is limited to cases in which the court has actual jurisdiction over a pending proceeding. *See In re Turner*, No. 01-09-00002-CV, 2009 WL 1086970, at *1 (Tex. App.—Houston [1st Dist.] Apr. 23, 2009, orig. proceeding) (mem. op.) (citing *Faherty v. Knize*, 764 S.W.2d 922, 923 (Tex. App.—Waco 1989, orig. proceeding); *Lesikar v. Anthony*, 750 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (per curiam); *Kantor v. Herald Pub. Co.*, 632 S.W.2d 656, 658 (Tex. App.—Tyler 1982, orig. proceeding) (per curiam)). This Court does not have jurisdiction over a pending proceeding in this matter. Relator is attempting to obtain relief from his criminal sentence. This Court has no jurisdiction in criminal actions. Tex. Code Crim. Proc. art. 4.01(2) (giving "jurisdiction in criminal actions" to courts of appeals "other than the Court of Appeals for the Fifteenth Court of Appeals District").

We dismiss Relator's petition for lack of jurisdiction.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

3