Ronnie MILLER, Relator,

v.

Honorable Arthur C. LESHER, Jr., Respondent.

No. A14–85–280–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 6, 1985.

Rehearing Denied July 5, 1985.

C.J. Kling, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for relator.

Mark D. Davidson, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This original mandamus proceeding was instituted by Ronnie Miller against the Honorable Arthur C. Lesher, Jr., retired, sitting for the 85th District Court of Brazos County, Texas. Relator contends that Judge Lesher abused his discretion by failing to grant relator's motion to set a supersedeas bond pursuant to Rule 364(a) of the Texas Rules of Civil Procedure. We agree, and the writ of mandamus is conditionally granted.

In the general election held in Brazos County in November, 1984, Ronnie Miller, relator and contestee, was elected the sheriff of said county. Howard Hill, the contestant and ex-sheriff who was defeated in that election, demanded a re-count of the ballots. The re-count confirmed that Ronnie Miller was the duly elected sheriff of Brazos County. Following the re-count, Howard Hill filed an election contest in the Brazos County District Court. Ronnie Miller, the contestee, filed a bond in the amount of $130,672.00, pursuant to Article 9.09 of the Texas Election Code. The amount of such a bond is set by the Election Code at not less than double the salary or fees or both to be received by the contestee for a period of two years. Further, in the event the decision of the contest shall be against the contestee and in favor of the contestant, the contestee shall pay over to contestant whatever sum shall be adjudged against him by a court having jurisdiction of the subject matter of the bond. Tex.

Elec.Code Ann. art. 9.09 (Vernon 1967). This is generally held to be the amount of salary received by the contestee for the period of time that he has wrongfully held the office, along with reasonable costs incurred in the contest.

The election contest was held by the Honorable Judge Lesher, and on April 2, 1985, a judgment was rendered which held the November 1984 general election of Sheriff Ronnie Miller to be void. It further ordered those officials of Brazos County, Texas, charged by law with calling and holding elections for the office of sheriff of said county to call and hold another election for that office at the earliest possible date. Contestee, Ronnie Miller, timely gave notice of appeal and posted an appeal bond.

On April 2, 1985, the same day the judgment was signed, Ronnie Miller presented a motion to set supersedeas bond pursuant to Rule 364(a) of the Texas Rules of Civil Procedure. Judge Lesher refused to set the supersedeas bond for Ronnie Miller; however, on April 13, 1985, at his home in Harris County, Texas, without notice or hearing, Judge Lesher signed an order granting a supersedeas bond in the amount of $1,000.00 to Howard Hill pursuant to Rule 364(f) of the Texas Rules of Civil Procedure. This rule provides as follows:

> When the judgment is for other than money or property or foreclosure, the bond or deposit shall be in such amount to be fixed by the said court below as will secure the plaintiff in judgment in any loss or damage occasioned by the delay on appeal, but the court may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper.

Tex.R.Civ.P. 364(f).

Ronnie Miller claimed that he was denied due process by the granting of a *plaintiff's*

supersedeas bond. Judge Lesher on May 13, 1985, then held a hearing and denied Ronnie Miller's request for a supersedeas bond. However, he granted Howard Hill's request and increased the bond amount to $7,500.00. Respondent further entered judgment as follows: "[T]he court finds that the interest of justice will be best served if the judgment of this Court is not suspended during an appeal of the cause...."

 We hold that the best interest of justice will be served if the judgment of the trial court is suspended. The trial court cannot attempt to use Rule 364(f) of the Texas Rules of Civil Procedure to usurp this court's jurisdiction on appeal. Either party to an election contest may appeal from the judgment of the district court to the Court of Appeals, under the same rules and regulations as are provided for the appeal in any other civil case. Tex.Elec. Code Ann. art. 9.17 (Vernon Supp.1985). Each party to a lawsuit is provided with the opportunity to supersede the judgment *as a matter of right*, and it is not within the discretion of the trial court to deny the party that right. *Houtchens v. Mercer*, 119 Tex. 244, 27 S.W.2d 795 (1930); and *Alvarez v. Laughlin*, 362 S.W.2d 915 (Tex. Civ.App.—San Antonio 1962, no writ). Further, the execution of a judgment rendered in an election contest may be suspended by the filing of a supersedeas bond. *Sams v. Coker*, 514 S.W.2d 351 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ).

There is no provision in the Election Code or in Texas case law that provides for the removal of an elected official from office following an election contest where the election is declared void. For that period of time between the judgment that the election was void and the time a new election is held, the previously elected official should continue to hold office.

The Election Code should be the law governing the process of election contests and appeals therefrom; and in the event a Rule of Civil Procedure conflicts with an article of the Election Code, the Election Code should prevail. The respondent, by denying contestee's motion for supersedeas bond and granting contestant's motion for supersedeas bond, has attempted to avoid the provisions of the Election Code. Those actions have further invaded the jurisdiction of this court, and the sole purpose of such actions is to effect the enforcement of the trial court's judgment prior to this court's ruling on the appeal.

By posting his bond pursuant to Article 9.09 of the Texas Election Code, relator has provided sufficient protection for the contestant in the event he should prevail in this appeal or in the event he should be declared the winner of a subsequent election. We therefore find that the respondent should grant relator's request to set a supersedeas bond; that respondent should set an amount for the bond that is reasonable, keeping in mind that contestee has a bond on file in excess of $130,000.00; and that the judgment of respondent should be superseded pending an opinion from this court on the appeal, or until further orders of this court.

We assume that respondent will comply with the opinion of this court. In the event he fails to do so, a writ of mandamus will issue.

The writ is conditionally granted.