**Opinion issued September 10, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-20-00370-CV

———————————

## IN RE SEAN A. ROBERTS, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator Sean A. Roberts complains of the trial court's refusal to set supersedeas bond on a judgment for fees for the receiver, Seth Kretzer.[1] We grant the petition.

---

[1] The underlying case is *Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, and Seth Kretzer, Receiver*, cause number 2012-64419, pending in the 215th District Court of Harris County, Texas, the Honorable Elaine Palmer presiding.

## Background

Roberts is a former partner at the real party in interest law firm, Abraham, Watkins, Nichols, Sorrels, Agosto & Friend ("Abraham, Watkins"), but he left the partnership after a dispute arose. Abraham, Watkins filed a lawsuit and the parties entered into an agreed judgment requiring Roberts to pay Abraham, Watkins $63,883.36. When Roberts did not pay the judgment, Abraham, Watkins sought appointment of a receiver and the trial court appointed real party in interest Seth Kretzer as receiver on March 18, 2019. In the order appointing Kretzer, the trial court ordered Roberts to pay $800 in reasonable and necessary legal fees to Abraham, Watkins for the motion to appoint a receiver, $650 of which was to be paid to the receiver.[2] The trial court also stated that the receiver's fee was 25% of all gross proceeds that came into the receiver's possession, not to exceed 25% of the balance due on the judgment, plus any out-of-pocket expenses incurred by the receiver in the scope of his position as receiver. On May 6, 2019, Roberts paid the judgment plus interest, which was approximately $107,000.

On July 12, 2019, the trial court entered an order requiring Roberts to pay Kretzer $650 plus $26,750 for reasonable and necessary receivership fees and

---

[2] In particular, the order states: "Abraham, Watkins, Nichols, Sorrels, Agosto & Friend is awarded judgment over and against Sean Roberts for the amount of $800.00 for reasonable and necessary legal fees for this motion, and shall pay $650.00 of that amount to the Receiver for preparation."

expenses, and to pay Abraham, Watkins $800. Thus, the July order required Roberts to pay a total of $28,200. Roberts filed a notice of appeal on August 10, 2019. This appeal is docketed as case number 01-19-00622-CV.

Kretzer began collection activities by intervening in Roberts' cases on file in Harris County, seeking to attach prospective fees that Roberts might be awarded in those cases. Roberts moved to strike the interventions. On October 20, 2019, Kretzer filed an application for a charging order seeking to satisfy the award of fees for his work as the receiver from Roberts' membership interest in partnerships. On December 6, 2019, the trial court declined to enter a charging order, but ordered Roberts to deposit $28,200 into the court's registry.

Roberts then filed a motion for clarification, stating that he was willing to post the entire amount ordered as a supersedeas bond and asked the trial court to accept his check for the $28,2000 into the court's registry as a supersedeas bond suspending enforcement of the July order on appeal. After a hearing, the trial court issued an order on April 6, 2020, denying Roberts' motion for clarification and reiterating that Roberts was to comply with the December order requiring him to deposit the funds into the trial court's registry. Roberts deposited the funds into the court's registry and filed this petition, challenging the trial court's denial of his motion for clarification concerning supersedeas.

**Analysis**

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

**1.  The Trial Court Had a Duty to Set Supersedeas**

"A supersedeas bond is designed to suspend a judgment before it becomes final and it preserves the status quo during the pendency of the appeal."  *Cruz v. Sanchez*, 474 S.W.3d 451, 453 (Tex. App.—El Paso 2015, opinion on motion to review order staying execution of judgment pending appeal).  Generally, a judgment debtor is entitled to supersede a judgment while pursuing an appeal.  *See Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009).  When a judgment is not for money, the trial court has discretion to decline a party's request to suspend a judgment pending appeal.  *See* TEX. R. APP. P. 24.2(a)(3).  But there is no such provision when the judgment is for money.  *See* TEX. R. APP. P. 24.2(a)(1).  Therefore, when the judgment is for money, as it is in this case, a trial court does not have discretion to refuse supersedeas.  *See Miller v. Lesher*, 694 S.W.2d 193, 195 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (granting mandamus relief to compel trial court to "grant relator's request to set a supersedeas bond"); *In re Navidea Biopharmaceuticals, Inc.*, No. 14-18-00036-CV, 2018 WL 1189152, at *4 (Tex. App.—Houston [14th Dist.] March 8, 2018, orig. proceeding) (mem. op., not

designated for publication) (holding that trial court had ministerial duty to set supersedeas even if right to appeal might have been waived).

In this case, the trial court ordered Roberts to deposit $28,200 into the registry of the court. A trial court may order funds deposited into the registry of court in the exercise of its inherent authority "if there is evidence the funds are in danger of being 'lost or depleted.'" *Zhao v. XO Energy, LLC*, 493 S.W.3d 725, 736 (Tex. App.—Houston [1st Dist.] 2016, no pet.). It is unclear whether the trial court determined that the $28,200 was ordered to be deposited into the court's registry based on evidence the funds might be lost or depleted. But once Roberts requested clarification whether the deposit of $28,200 could be considered a supersedeas bond under Rule 24.1, the trial court had a ministerial duty to permit Roberts to supersede the judgment. *See Navidea*, 2018 WL 1189152, at *3. Kretzer offers no reason for the trial court's failure to do so.

Because Roberts requested suspension of enforcement of the judgment on appeal and the trial court refused, this was a violation of a ministerial duty that may be corrected by mandamus. *See id.*

## 2. Roberts' Complaint is not Moot

In his response, Kretzer argues that Roberts' complaint is moot because the funds have already been deposited into the court's registry. But Rule 24.4 permits review of the denial of supersedeas, and the order of which Roberts complains denies

his request for supersedeas. Roberts' compliance with a trial court order to deposit funds into the registry of the court does not render moot his challenge to the trial court's failure to comply with its ministerial duty to set supersedeas. *See Navidea*, 2018 WL 1189152, at \*3–4 (holding that trial court's duty to set supersedeas bond amount is ministerial).

### 3. Roberts' Remedy by Appeal is Inadequate

To be entitled to mandamus relief, Roberts must also show that he lacks an adequate remedy by appeal. *See Prudential*, 148 S.W.3d at 135–36. In determining whether a relator has an adequate remedy by appeal, we must balance considerations implicating both public and private interests. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005). (orig. proceeding). If the benefits of mandamus outweigh the detriments, the appellate remedy may be inadequate, particularly when the relator may lose a substantial right. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004).

Rule 24.4 permits appellate review of the determination whether to permit suspension of enforcement of a judgment and the exercise of discretion under Rule 24.3(a). *See* TEX. R. APP. P. 24.4, 24.3(a); *Mossman v. Banatex, L.L.C.*, 440 S.W.3d 835, 837–38 (Tex. App.—El Paso 2013, opinion on motion) (concluding appellate remedy was adequate, appellate court dismissed mandamus petition and refiled it in pending appeal as motion to review trial court's order under Rule 24.4(a)(4)).

But mandamus may issue to address a trial court's denial of supersedeas if the appellate remedy is inadequate. For example, in *Navidea*, the court determined that the relator was in danger of losing a substantial right by the trial court's refusal to set a supersedeas bond amount, effectively denying Navidea the right to file a bond sufficient to supersede the judgment pending appeal. *See Navidea*, 2018 WL 1189152, at *4. "The trial court's discretion only extends to the amount of the bond and not to whether the bond should be granted or whether to fix the amount of the bond." *Id.* at *3. (citing *Cont'l Oil Co. v. Lesher*, 500 S.W.2d 183, 185 (Tex. App.— Houston [1st Dist.] 1973, orig. proceeding). And therefore, "[m]andamus may issue to compel a trial court to fix a bond amount." *In re Navidea*, 2018 WL 1189152, at *3.

In *Navidea*, the court concluded that relator's remedy by appeal was inadequate because the settlement agreement permitted the real party to execute on the judgment within five days of the trial court's determination of the final obligation amount. *See id.* at *4. The appellate remedy would thus be inadequate if the real party executed on the judgment, and though this would not necessarily moot the appeal, Navidea would be "faced with attempting to recover funds collected by CRG if Navidea is ultimately successful in an appeal." *Id.*

Here, no contractual provision entitles the real party to execute quickly, but the entire amount of the judgment has been deposited into the registry of court

without a supersedeas bond or order conditioning this deposit as one suspending enforcement of the judgment. Although the trial court's order is stayed during the pendency of this mandamus, once we dispose of the petition the stay will no longer be in effect and Kretzer could request permission to withdraw funds from the court's registry during the pendency of the appeal. This renders Roberts' remedy by appeal inadequate.

## Conclusion

Because we conclude that the trial court had a duty to permit Roberts to supersede the July 12, 2019 judgment and any appellate remedy for the violation of this duty is inadequate, we conditionally grant the petition and order the trial court to withdraw its April 6, 2020 order and permit Roberts to suspend enforcement under Rule 24.1. We are confident the trial court will comply with this opinion. The writ will issue only if the trial court does not comply.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Hightower and Adams.