ACCEPTED
15-25-00043-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/13/2025 12:35 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00043-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/13/2025 12:35:20 AM
CHRISTOPHER A. PRINE
Clerk

_____

**THE CONSERVATION SOCIETY OF SAN ANTONIO and
LEWIS VETTER**
*Appellants,*

v.

**UNIVERSITY OF TEXAS AT SAN ANTOINO and
THE CITY OF SAN ANTONIO**
*Appellees.*

_____

On Appeal from Cause No. 2025CI07382
In the 408th Judicial District Court
of Bexar County, Texas
Before The Honorable Judge Tina Torres

_____

**MOTION FOR EMERGENCY RELIEF AND
PETITION FOR WRIT OF INJUNCTION**

_____

TO THE HONORABLE CLERK AND JUSTICES OF THE FIFTEENTH COURT
OF APPEALS:

COME NOW Appellants, THE CONSERVATION SOCIETY OF SAN
ANTONIO and LEWIS VETTER, and file this MOTION FOR EMERGENCY
RELIEF AND PETITION FOR WRIT OF INJUNCTION from the granting of a
Pleas to the Jurisdiction filed by Appellees to this action in order to prevent the
appeal from becoming moot in order to maintain the jurisdiction of this Court and

the status quo pending appeal in order to avoid imminent and irreparable injury to the Appellants. Alternatively, to make any temporary orders necessary to preserve the parties' rights until disposition of the appeal. TEX. GOV'T CODE ANN. § 22.221(a); TEX. R. APP. P. 29.3.

## 1. PARTIES

1. The Appellant, The Conservation Society of San Antonio ("CSSA"), is a Texas nonprofit corporation with more than 1,100 members dedicated to historic preservation. Founded in 1924, CSSA played a pivotal role in the restoration of Mission San José's granary in 1933, the creation of the San Antonio Missions National Historical Park in 1978, and the successful nomination of the Missions as a UNESCO World Heritage Site beginning in 2006. The Society was also instrumental in the creation of the San Antonio River Walk and has preserved numerous historic sites, including Casa Navarro, the Aztec Theatre, Ursuline College, the Rand Building, and the Yturri-Edmunds House and Mill. Each year, CSSA awards more than $100,000 in grants to support building restoration and public education, and it continues to provide a broad array of educational programs and resources to the San Antonio community.

2. Appellant Lewis Vetter ("Vetter") is an individual in the State of Texas, taxpayer in the City of San Antonio and the President of CSSA devoted to the mission of the CSSA to preserve historical and culturally significant buildings.

2

3. Appellee University of Texas at San Antonio ("UTSA") is a public University in San Antonio Texas and is an institution of the University of Texas System and is considered a State Agency pursuant. TEX. GOV. CODE. § 572.002 (10)(B). The Board of Regents of the University of Texas System ("the Regents") is the governing body of the University of Texas System. TEX. EDUC. CODE § 65.11.

4. Appellee, City of San Antonio ("City") is a municipality located entirely within Bexar County, Texas, that is organized and operating under the laws of the State of Texas and is, therefore, a political subdivision of the State of Texas.

## II. FACTS AND PROCEDURAL HISTORY

5. This case arises from a redevelopment initiative by the City and UTSA to transform a broad area spanning from HemisFair to the Alamodome into a sports arena and commercial entertainment district. This area includes the Texas Pavilion, a structure established by the Texas Legislature on May 27, 1965, originally featured at HemisFair '68, and designated as a State Antiquities Landmark. The controversial redevelopment effort is formally known as *Project Marvel*.

6. As part of the process to redevelop the downtown area for Project Marvel and the for-profit purposes the City and UTSA intend, UTSA obtained a permit for demolition of the Texas Pavilion on December 18, 2024, from the Texas Historical Commission. Appellants became concerned that this demolition, and the way in which the permit was procured, was not only illegal, but extremely premature as

3

Project Marvel is in the very early planning stages and has yet to even gain approval at any level to move forward. The permit was obtained based on reports done to inappropriate standard and inaccurate information that supports UTSA's profit motive, not an educational use or any other benefit to the citizen taxpayer that would outweigh its historical significance. These justifications fail to demonstrate any educational or public benefit that would outweigh the Pavilion's historical significance to the citizens of Texas.

7. The Texas Pavilion is listed on the National Register of Historic Places and, in 2024, was designated a State Antiquities Landmark by the Texas Historical Commission (THC). Despite this formal recognition, THC approved the Pavilion's demolition based on UTSA's assertion that the structure impeded its ability to "best monetize their resources"—in plain terms, to maximize profit. [See "**Exhibit A**," Letter dated December 18, 2024, to UTSA.] Yet, the multi-billion-dollar redevelopment initiative known as *Project Marvel*, for which the Pavilion is being razed, has not received formal approval from any governmental authority. The demolition thus represents not only a significant cultural and historical loss, but a breakdown in legal and procedural accountability.

8. The Texas Pavilion is protected under the Antiquities Code of Texas and has been formally recognized by the City of San Antonio as a contributing structure within the nationally registered HemisFair Park Historic District—designations in

4

effect before THC issued the demolition permit. Appellants assert claims under the Antiquities Code to hold Appellees accountable for adhering to statutory protections governing historic landmarks. While Appellees submitted documentation to THC purporting to justify demolition, Appellants have a valid cause of action to challenge whether those submissions complied with statutory mandates—and whether they honored the public's enduring interest in preserving San Antonio's historic legacy.

9.      Since the filing of this lawsuit, demolition efforts have only intensified— appearing retaliatory in nature and aimed at preempting judicial review. This conduct reinforces Appellants' position that immediate judicial intervention is necessary to enforce compliance with preservation laws, to ensure transparency, and to protect the public's right to participate in decisions affecting shared cultural heritage. The ongoing destruction risks irreparable harm not only to Appellants, but to the taxpayers and citizens whose interests this landmark was meant to serve.

10.     On or about April 9, 2025, upon seeing that demolition had begun, Appellants attempted to seek out a Temporary Restraining Order with all Appellees well represented, and the Bexar County District Court stated a judge was unavailable to hear the matter and instructed the parties to return on April 10, 2025.

11.     On April 10, 2025, the case was assigned to Judge Marisa Flores. According to the court reporter's notes, Judge Flores gave Plaintiffs the option either to allow her to rule solely on the Pleas to the Jurisdiction that day or to return on Monday for

5

a hearing on both the Pleas and the pending Temporary Restraining Order. Despite the ongoing demolition of the Texas Pavilion, Judge Flores declined to rule on any matters at that time and directed the parties to return the following week. At the April 10, 2025, hearing, counsel for UTSA and the City—deliberately speaking *off the record*—represented that demolition would pause until the Court could rule. In direct contradiction to that representation, demolition resumed the very next day and continued through the weekend, even though the hearing was set for Monday, April 14, 2025.

12.     Demolition of the Texas Pavilion has continued, even though such action is grossly premature given the early stage of the redevelopment plans—and in direct contradiction to the verbal assurances made at the Bexar County Courthouse. As recent as May 1, 2025 the fountain and bridge on the Texas Pavilion property have been demolished and it is expected that this demolition will continue and likely be more aggressively pursued while this appeal is pending. The destruction of the fountain and bridge also indicate that Appellees' demolition is not just for remediation (as represented previously) but to demolish portions of the Texas Pavilion that are unique and irreplaceable. Upon receiving Appellees' Pleas to the Jurisdiction, Appellants promptly moved to continue the April 14, 2025, hearing, citing insufficient notice and the need to conduct discovery on critical issues of subject matter jurisdiction, governmental immunity, and sovereign immunity.

6

Appellants' opposition to the Pleas is grounded in factual disputes that cannot be resolved without discovery. Appellees characterize Appellants' allegations as "hypothetical" and "speculative," yet fail to directly rebut the substance of those claims. Disputed facts cannot be dismissed out of hand by mere labeling. Rather, they must be clarified through evidence and discovery before any jurisdictional dismissal is appropriate. Additionally, there is the issue of public information requests wherein Appellants attempted to obtain the information necessary to confirm or deny the claims made in their Petition.

13. On April 14, 2025, the trial court denied Appellants' Motion for Continuance and granted Appellees' Pleas to the Jurisdiction. Meanwhile, demolition of the historic and culturally significant Texas Pavilion has proceeded—despite widespread public opposition—to make way for a proposed sports arena and commercial entertainment district. This demolition is both premature and irreversible, permanently altering a landmark that holds deep historical and cultural value for the people of San Antonio. It should be halted until this case can be fully adjudicated on its merits and the public is given a meaningful opportunity to participate in the decision-making process.

14. Appellees' actions are premature, procedurally flawed, and reflect a disregard for democratic accountability. The record is clear: Appellees intend to repurpose the land beneath the Texas Pavilion for a proprietary, profit-driven venture. This plan

does not serve the broader public interest and lacks the necessary approval and transparency that San Antonio taxpayers deserve.

### III.   ARGUMENT

15.    When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the party's rights until disposition of the appeal.  See TEX. R. APP P. 29.3   Moreover, only the appellate court may enforce the interlocutory order that has been appealed.  See TEX. R. APP P. 29.4.

16.    Further, and more importantly, a court of appeals may issue all writs necessary to protect its own jurisdiction.  See TEX. GOV'T CODE ANN. § 22.221(a); see also In re Teague, 2006 Tex. App. LEXIS 1064, *1, 2006 WL 302123.  It is well settled that an appellate court is authorized to protect its jurisdiction by preserving the subject matter of the appeal to make its decrees effective.  Id. citing, e.g., Reyes v. Atkins, 619 S.W.2d 26, 27 (Tex. Civ. App.--Fort Worth 1981, no writ); Dawson v. First National Bank of Troup, 417 S.W.2d 652, 653 (Tex. Civ. App.--Tyler 1967, no writ); Madison v. Martinez, 42 S.W.2d 84, 86 (Tex. Civ. App.--Dallas 1931, writ ref'd).

17.    Texas courts have expressly granted appellate relief to prevent the destruction of historic or contested real property while legal claims are pending. See Madison v. Martinez, 42 S.W.2d 84, 86 (Tex. App.—Dallas 1931, writ ref'd) (appellate court enjoined demolition of a building where legal rights were unresolved); see

8

also <u>Conservancy of Southwest Florida v. U.S. Army Corps of Eng'rs</u>, No. A-07-CA-711 LY, 2007 WL 9724342, at *4 (W.D. Tex. Sept. 28, 2007) (recognizing the critical role of injunctions in protecting environmental and historic interests pending final resolution).

18.     The Appellants in this case, further, are not required to first attempt to supersede the judgment under Rule 24.  The <u>Teague</u> Court explained that supersedes is not required.  <u>See</u> TEX. R. APP P. 24.1, 24.2(a)(5), 25.1(g).  Superseding the trial court's judgment would have no effect because the judgment simply declines to prohibit the City or UTSA from acting on its order. <u>See</u> <u>In re Teague</u>, 2006 Tex. App. LEXIS 1064, *7, 2006 WL 302123 citing <u>Renger v. Jeffrey</u>, 143 Tex. 73, 182 S.W.2d 701, 702 (Tex. 1944) ("The supersedeas bond is merely to preserve the status quo of the matters in litigation prior to the issuance of the order or judgment from which an appeal is prosecuted.").

19.     Superseding the judgment in this case would not have the effect of granting injunctive relief, instead, it would simply put the parties in the position they were in before the trial court's judgment. <u>Renger v. Jeffrey</u>, 143 Tex. 73, 182 S.W.2d 701, 702 (Tex. 1944). Thus, the Appellants are not required to first attempt to supersede the judgment under rule 24.  <u>See</u> TEX. R. APP P. 24.1 [*9], 24.2(a)(5), 25.1(g).

20.     Based on the foregoing, Appellants respectfully request that this Court issue an Order enjoining Appellees from the following:

9

a) Further disturbing or demolishing the Texas Pavilion in violation of the Texas Health and Safety Code.

b) Entering into any additional agreements related to the demolition or clearing of the Texas Pavilion while this appeal is pending, and while the question of whether Appellees have waived immunity remains unresolved in the trial court; and,

c) Engaging in any demolition, construction, relocation, or other activities that may damage the Texas Pavilion, until this Court determines whether the trial court retains jurisdiction during the pendency of this appeal.

Appellants further pray for all other relief to which they may be justly entitled, at law or in equity.

Respectfully submitted,

THE MARTINEZ DE VARA LAW FIRM, PLLC

By: */s/* Art Martinez de Vara

ART MARTINEZ DE VARA, ESQ.
STATE BAR NO. 24060230
martinezdevaralaw@gmail.com
CHARLES SIERRA
STATE BAR NO. 18345300
charles@sierraspears.com
DAVID E. CAMPA, OF COUNSEL
STATE BAR NO. 24073991
david@mdv.law
P.O. Box 377
Von Ormy, Texas 78073
Tel. (210) 622-0323
Fax (210) 622-4021
and
SANCHEZ & WILSON, PLLC
ROBERT W. WILSON; TBN 00794868
rww@sanchezwilson.com

10

MARK ANTHONY SÁNCHEZ, ESQ.
Texas Bar No. 00795857
mas@sanchezwilson.com
6243 IH-10 West, Suite 1025
San Antonio, Texas 78201
Tel. (210) 222-8899
Fax (210) 222-9526
JOINT COUNSEL FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2025, a true and correct copy of the attached document has been sent via E-Service to all counsel of record, to wit:

Matthew Baumgartner
mbaumgartner@abaustin.com
Guillermo A. Alarcon
galarcon@abaustin.com
Martha Adams
madams@abaustin.com
ARMBRUST & BROWN, PLLC
100 Congress Ave., Suite 1300
Austin, Texas 78701
*ATTORNEYS FOR DEFENDANTS, UTSA AND*
*THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*
**and**
Steve Chiscano
schiscano@gcaklaw.com
Nadeen Abou-Hossa
nabou-hossa@gcaklaw.com
GONZALEZ, CHISCANO, ANGULO & KASSON, PC
9601 McAllister Frwy., Suite 401
San Antonio, Texas 78216
*ATTORNEYS FOR DEFENDANTS, UTSA AND*
*THE BOARD OF REGENTS OF THE UNIVERSITY OF TEXAS SYSTEM*

Donna McElroy
dmcelroy@dykema.com
Katy Jo Richards

11

krichards@dykema.com
Carol Qualls
cqualls@dykema.com
DYKEMA GOSSETT, PLLC
112 E. Pecan St., Suite 1800
San Antono, Texas 78205
*ATTORNEYS FOR DEFENDANT,*
*CITY OF SAN ANTONIO*                  /s/: Art Martinez De Vara
                                       ART MARTINEZ DE VARA

# EXHIBIT "A"



P.O. Box 12276
Austin, Texas 78711-2276
512-463-6100
thc.texas.gov

December 18, 2024

Corrina Green
Associate Vice President of Real Estate, Construction and Planning
The University of Texas at San Antonio
One UTSA Circle
Main Building, Suite 4.108
San Antonio, TX 78249

Re:     *Historic Buildings and Structures Permit #1314, Demolition of the Institute of Texan Cultures (Texas Pavilion),
        801 E. César E. Chávez Blvd., Hemisfair Park, San Antonio, Bexar County, Texas*

Dear Ms. Green,

Upon nomination by a third party, the Texas Historical Commission designated the Institute of Texan Cultures (Texas Pavilion) as a State Antiquities Landmark on October 25, 2024, to commemorate the important history of this building. The Texas Pavilion is significant as a major purpose-built structure associated with HemisFair, the 1968 World's Fair; for the establishment of the Institute of Texan Cultures, an institution with a statewide reach and scope that resulted in the founding of a major state university in San Antonio; and as an excellent example of Brutalist architecture designed by Caudill, Rowlett & Scott. The designation provides a means by which to ensure this history is recorded and honored with preservation prioritized and encouraged, but it does not outright prevent this building's demolition.

We are in receipt of the university's November 1, 2024, historic buildings and structures permit application for demolition. The Antiquities Code of Texas, as amended in 1983, gives deference to institutions of higher education to determine the appropriate course of action for buildings under their stewardship. Specifically, Texas Natural Resource Code, Chapter 191, Section 191.021 (d) requires that the Commission balance historic preservation considerations against a college or university's primary mission to provide educational services to the state's citizens. In issuing a permit for work to a State Antiquities Landmark, the Commission must consider the institution's educational mission; the availability of funds to address any proposed preservation requirements; the effect of such requirements on maintenance and energy costs; and the appropriateness of such requirements on the uses for the building identified by the university. After weighing these factors, the Commission may include requirements in a permit only if there is clear and convincing evidence that such inclusion would be in the public interest.

The Rules of Practice and Procedure for the Antiquities Code of Texas as contained in Texas Administrative Code, Title 13, Chapter 26, Rule 26.22 (8)) establish that under most circumstances, a permit to demolish a building or structure will not be issued unless the commission is satisfied that there is a necessity due to deterioration of the building or structure that constitutes a threat to the health, safety, or welfare of citizens or a real and unavoidable threat to the building or structure's existence. The applicant must show a thorough effort to find the means to preserve the building or structure on its original site or, failing that, to relocate the building or structure to another site with a comparable setting. The applicant must show evidence that he or she has, in good faith, conducted a feasibility study and obtained estimates

from appropriate professionals, invited and considered alternative suggestions and proposals, and otherwise explored all reasonable possibilities other than demolition.

The materials provided with the permit application and in the various studies of the building commissioned by the University of Texas at San Antonio (UTSA) address these considerations, and we respect the information regarding the university's decision-making process. The studies include an American Association of Museum (AAM) Accreditation Facility Assessment Report by M. Goodwin Museum Planning, 2021; a Historic Preservation Assessment Report by Architexas, 2023; and other conditions assessments and cost estimates for rehabilitation and demolition of the building. The cited estimated cost to renovate the Texas Pavilion for ongoing use by the Institute of Texan Cultures is $177.5 million, with an estimated operational budget gap of $11 million annually. It is our understanding that the university sought but did not receive an increase in operational funding from the Texas Legislature during the 88th session for the institute. Based on the university-identified comparatively lower cost to construct and operate a new facility at a different location (estimated at $103.5 million in construction costs with a budget gap of $2.1 million annually), the university has vacated the building. UTSA has not identified another use for this facility that would serve its educational mission. Instead, the university seeks to monetize the property through sale or lease to facilitate construction of a new home for the Institute of Texan Cultures. The ongoing operation of this institute is a statutory obligation of the University of Texas System.

While acknowledging challenges inherent in the building's unique design and relatively few prior alterations, the Historic Preservation Assessment Report identifies potential adaptive use opportunities for the building that would require limited changes to its distinctive, character-defining features. Identified possibilities include a business/technology incubator, market hall/design center, artist incubator, culinary incubator/ food market, community recreation center, entertainment destination, or immersive art experience. UTSA has performed an adaptive use analysis that estimates the related project costs, federal and state rehabilitation tax credits, operating income with the building leased for entertainment use, and potential return on investment for a third-party owner or lessee. This analysis projects a substantial shortfall in the incentives necessary to make such a project financially viable. Further, it is our understanding that the university's rationale for seeking demolition of the building is that the appraised value of the property is greater with the building removed, and UTSA seeks to maximize the funds available to construct a new museum.

Your submission represents a complete and valid demolition permit application. Accordingly, attached is Historic Buildings and Structures Permit #1314, which was issued for demolition of the Institute of Texan Cultures (Texas Pavilion) on December 18, 2024 and will expire on January 1, 2026. The permit lists requirements for mitigation, including the development of a Memorandum of Understanding to explore future rehabilitation of the Women's Pavilion and on-site interpretation of the history of the Texas Pavilion and HemisFair Park in partnership with the City of San Antonio; identification of building components for potential salvage and reuse in future interpretation of the building's history; development of digital interpretation of the history of the Institute of Texan Cultures within its new future home; Historic American Buildings Survey and additional documentation of the building; and salvage of the entry flag plaza for future reinstallation. Additionally, an intensive survey of the property is already authorized under Archeological Permit #32040. Any required reports or findings resulting from the investigations must be accepted by the Commission prior to commencement of building or site demolition.

Historic Buildings and Structures Permits require submission of a completion report documenting the permitted work. Given that the conditions of this permit focus on the aforementioned mitigation measures, each deliverable may be submitted separately upon its completion.

Thank you for your interest in the cultural heritage of Texas and for your consultation with our office. The loss of the historic Texas Pavilion that represented the state to the world at HemisFair'68 and continued to educate the public for more than 50 years is highly regrettable. We recognize that the statute places ultimate responsibility for stewardship and decision-making with the institution of higher education. While this historic building is irreplaceable, we believe that good faith collaboration and implementation of the required mitigation can lead to a better understanding of HemisFair'68 for visitors and hopefully to positive historic preservation outcomes for several of the other notable, surviving, historic structures created for the fair. If you have any questions regarding the terms of the permit or if we can be of further assistance at this time, please contact Elizabeth Brummett at 512-463-6218.

Sincerely,

Joseph Bell
Executive Director

John L. Nau III
Chairman, Texas Historical Commission

Cc: Allison Chambers, Ford, Powell & Carson Architects and Planners, Inc.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Arturo Martinez de Vara on behalf of Art Martinez de Vara
Bar No. 24060230
martinezdevara@gmail.com
Envelope ID: 100744535
Filing Code Description: Motion for Emergency Relief
Filing Description: MOTION FOR EMERGENCY RELIEF AND PETITION FOR WRIT OF INJUNCTION
Status as of 5/13/2025 7:14 AM CST

Associated Case Party: THE CONSERVATION SOCIETY OF SAN ANTONIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Terri Gould | | mdvlawparalegal@gmail.com | 5/13/2025 12:35:20 AM | SENT |
| David Campa | | david@mdv.law | 5/13/2025 12:35:20 AM | SENT |
| Arturo IMartinez de Vara | | martinezdevara@gmail.com | 5/13/2025 12:35:20 AM | SENT |
| Charles Sierra | | charles@sierraspears.com | 5/13/2025 12:35:20 AM | SENT |
| Misty Spears | | misty@sierraspears.com | 5/13/2025 12:35:20 AM | SENT |
| Robert W.Wilson | | rww@sanchezwilson.com | 5/13/2025 12:35:20 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Matthew Baumgartner | 24062605 | mbaumgartner@abaustin.com | 5/13/2025 12:35:20 AM | SENT |
| Guillermo Alarcon | 24099176 | galarcon@abaustin.com | 5/13/2025 12:35:20 AM | SENT |
| Martha Adams | 871490 | martha@madamslaw.com | 5/13/2025 12:35:20 AM | SENT |
| Steve Chiscano | 24001882 | schiscano@gcaklaw.com | 5/13/2025 12:35:20 AM | SENT |
| Nadeen Abou-Hossa | 24115449 | nabou-hossa@gcaklaw.com | 5/13/2025 12:35:20 AM | SENT |
| Donna McElroy | 13582050 | dmcelroy@dykema.com | 5/13/2025 12:35:20 AM | SENT |
| Katelyn Richards | 24125380 | krichards@dykema.com | 5/13/2025 12:35:20 AM | SENT |
| Carol Qualls | | cqualls@dykema.com | 5/13/2025 12:35:20 AM | SENT |